C98-2106MWB

FILED
U.S. DISTRICT COURT
SIOUX CITY DIVISIONAL OFFICE
NORTHERN DISTRICT OF IOWA

MAY 12 2004

On the claims and defenses of the parties, we, the Jury, find as follows:

By: _____ DEPUTY

| EPC'S CLAIMS | | | |
|---|---|---|---|
| **INFRINGEMENT BY THE ORIGINAL GMT-800** | | | **VERDICT** |
| **Step 1: General Verdict** | On EPC's claim of infringement of the '456 patent by the original GMT-800, in whose favor do you find? (*If you found in favor of Donaldson, do not answer the questions in Steps 2 and 3 of this section of the Verdict Form. Instead, go on to answer the question concerning "willful" infringement in the next section. However, if you found in favor of EPC, please answer the questions in Steps 2 and 3 of this section of the Verdict Form as well as the question in the "willful" infringement section of the Verdict Form.*) | | X  EPC |
| | | | ___ Donaldson |
| **Step 2: Patent Claims Infringed** | If you found in favor of EPC, which claim or claims of the '456 patent do you find are infringed by the original GMT-800? | | |
| | YES (a) Claim 2 (Column 7, lines 56-59) | YES (b) Claim 3 (Column 7, line 60, through Column 8, line 8) | |
| **Step 3: Type of Infringement** | If you found that Claim 2 was infringed by the original GMT-800, which type(s) of infringement do you find? (*"Literal" infringement is explained in Final Jury Instruction No. 4 and "doctrine of equivalents" infringement is explained in Final Jury Instruction No. 5.*) | If you found that Claim 3 was infringed by the original GMT-800, which type(s) of infringement do you find? (*"Literal" infringement is explained in Final Jury Instruction No. 4 and "doctrine of equivalents" infringement is explained in Final Jury Instruction No. 5.*) | |
| | X "Literal" infringement / X "Doctrine of equivalents" infringement | X "Literal" infringement / X "Doctrine of equivalents" infringement | |
| **"WILLFUL" INFRINGEMENT BY THE ORIGINAL GMT-800** | | | **VERDICT** |
| You must decide if infringement by the original GMT-800 was "willful," even if you actually found that the original GMT-800 did not infringe. Therefore, do you find that Donaldson's infringement of the '456 patent by making or selling the original GMT-800 was "willful," as "willful infringement" is explained in Final Jury Instruction No. 6? (*If you found that Donaldson willfully infringed the '456 patent by making and selling the original GMT-800, then it is my job to decide whether or not to award increased damages to EPC.*) | | | X Yes |
| | | | ___ No |

2

| INFRINGEMENT BY THE NEXT GENERATION GMT-800 | | | VERDICT | |
|---|---|---|---|---|
| Step 1: General Verdict | On EPC's claim of infringement of the '456 patent by the Next Generation GMT-800, in whose favor do you find? (*If you found in favor of Donaldson, you cannot award EPC any damages for infringement by the Next Generation GMT-800. Also, do not answer any more questions concerning the Next Generation GMT-800. Instead, go on to the next section on Donaldson's defenses. However, if you found in favor of EPC, please answer the remainder of the questions in this section of the Verdict Form pertaining to infringement by the Next Generation GMT-800.*) | | X EPC | |
| | | | ___ Donaldson | |
| Step 2: Patent Claims Infringed | If you found in favor of EPC, which claim or claims of the '456 patent do you find are infringed by the Next Generation GMT-800? | | | |
| | X (a) Claim 2 (Column 7, lines 56-59) | | X (b) Claim 3 (Column 7, line 60, through Column 8, line 8) | |
| Step 3: Type of Infringement | If you found that Claim 2 was infringed by the Next Generation GMT-800, which type(s) of infringement do you find? (*"Literal" infringement is explained in Final Jury Instruction No. 4 and "doctrine of equivalents" infringement is explained in Final Jury Instruction No. 5.*) | | If you found that Claim 3 was infringed by the Next Generation GMT-800, which type(s) of infringement do you find? (*"Literal" infringement is explained in Final Jury Instruction No. 4 and "doctrine of equivalents" infringement is explained in Final Jury Instruction No. 5.*) | |
| | X "Literal" infringement | X "Doctrine of equivalents" infringement | X "Literal" infringement | X "Doctrine of equivalents" infringement |

3

| DONALDSON'S DEFENSES |||||
|---|---|---|---|---|
| **INVALIDITY** |||| **VERDICT** |
| Step 1: General Verdict | On Donaldson's "invalidity" defenses, as explained in Final Jury Instruction No. 8, do you find any claim of the '456 patent invalid? (*If you answered "no," please do not answer any more questions in this section. Instead, go on to the next section on Donaldson's defense of patent "misuse." However, if you answered "yes," please answer the remaining questions in this section to determine the extent of invalidity.*) |||  ____ Yes  <br><br> _X_ No |
| Step 2: Claims Invalidated | If you answered "yes," which claim or claims of the '456 patent do you find Donaldson has proved are invalid by clear and convincing evidence? ||||
|  | ____ (a) Claim 2 (Column 7, lines 56-59) (*If you found this claim was invalid, then you cannot award any damages for infringement of this claim.*) || ____ (b) Claim 3 (Column 7, line 60, through Column 8, line 8) (*If you found this claim was invalid, then you cannot award any damages for infringement of this claim.*) ||
| Step 3: Basis for Invalidity | If you found that Claim 2 is invalid, which type(s) of invalidity do you find? || If you found that Claim 3 is invalid, which type(s) of invalidity do you find? ||
|  | ____ "on sale" invalidity consisting of an offer for sale to Mack Trucks | ____ "in use" invalidity consisting of "use" | ____ "on sale" invalidity consisting of an offer for sale to Mack Trucks | ____ "in use" invalidity consisting of "use" |
|  |  | ____ at a meeting with Mack Trucks, and/or |  | ____ at a meeting with Mack Trucks, and/or |
|  |  | ____ at the SAE trade show |  | ____ at the SAE trade show |
| **PATENT "MISUSE"** |||| **VERDICT** |
| On Donaldson's defense of patent "misuse," as explained in Final Jury Instruction No. 9, do you find any "misuse" of the '456 patent? (*Remember that, if you find that EPC "misused" the '456 patent, then I will decide what effect, if any, that patent "misuse" should have on EPC's ability to enforce the '456 patent.*) ||||  ____ Yes <br><br> _X_ No |

4

Case 6:98-cv-02106-MWB   Document 398-2   Filed 05/12/04   Page 3 of 5

| EPC'S DAMAGES ||| 
|---|---|---|
|  | Remember that, as I explained in Final Jury Instruction No. 10, EPC's claims for "lost profits" and "a reasonable royalty" are alternatives: You must consider each kind of damages separately, as if it were the only kind of damages that EPC can be awarded in this action. You should not be concerned about any apparent overlap between "lost profits" damages and "reasonable royalty" damages, because I will eliminate any overlap in the damages ultimately awarded to EPC. However, if EPC fails to prove "lost profits" damages, you must award EPC at least "a reasonable royalty" for any infringement. |||
| **Step 1: Infringement by the original GMT-800** |  | You must make a determination on damages for infringement by the original GMT-800, even if you actually found that it did not infringe. Therefore, if you found in EPC's favor on Donaldson's invalidity defenses, what amount do you award as damages for infringement of the '456 patent by the original GMT-800? |
|  | "Lost profits" in the amount of $ 5,269,270, consisting of the following: $ 3,826,889 for "lost sales," and $ 1,442,381 for "price erosion." (Damages for "lost profits" are explained in Final Jury Instruction No. 11.) | A "reasonable royalty" consisting of $ 226,458 for sales to Mack and Delphi, and $ 0 for sales to DAF. (Damages for "a reasonable royalty" are explained in Final Jury Instruction No. 12.) |
| **Step 2: Infringement by the Next Generation GMT-800** |  | If you found in EPC's favor on its claim of infringement of the '456 patent by the Next Generation GMT-800, and in EPC's favor on Donaldson's invalidity defenses, what amount do you award as damages for infringement of the '456 patent by the Next Generation GMT-800? |
|  | "Lost profits" in the amount of $ 0, consisting of the following: $ 0 for "lost sales," and $ 0 for "price erosion." (Damages for "lost profits" are explained in Final Jury Instruction No. 11.) | A "reasonable royalty" consisting of $ 434,247 for sales to Mack and Delphi, and $ 31,194 for sales to DAF. (Damages for "a reasonable royalty" are explained in Final Jury Instruction No. 12.) |

Date: 5/11/04   Time: 5:20 pm

5





| /s/ | /s/ |
|---|---|
| Foreperson | Juror |
| /s/ | /s/ |
| Juror | Juror |
| /s/ | /s/ |
| Juror | Juror |
| /s/ | /s/ |
| Juror | Juror |

6